NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0504n.06

Nos. 13-4342/15-3071

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HARRY SMITH, | ) | |
| | ) | **FILED** |
| Petitioner, | ) | Aug 25, 2016 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| THOMAS PEREZ, Secretary of Labor, | ) | |
| | ) | ON PETITION FOR REVIEW FROM |
| Respondent, | ) | THE UNITED STATES DEPARTMENT |
| | ) | OF LABOR, ADMINISTRATIVE |
| and | ) | REVIEW BOARD |
| | ) | |
| LAKE CITY ENTERPRISES, INC., | ) | |
| CRYSTLE MORGAN, and DONALD | ) | |
| MORGAN, | ) | |
| | ) | |
| Intervenors-Respondents | ) | |

BEFORE:    DAUGHTREY, MOORE, and GRIFFIN, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.  Petitioner Harry Smith was a truck driver for Lake City Enterprises who got into a dispute with the owner, Crystle Morgan, and was terminated from his employment.  Smith then filed a complaint with the Department of Labor against Lake City, Crystle Morgan, and her husband, Donald Morgan, alleging violation of the Surface Transportation Assistance Act.  Smith was successful on his claims against Lake City and Crystle Morgan but not against Donald Morgan.  He now petitions for review of three adverse decisions by the Secretary of Labor: (1) an order holding that Donald Morgan was not liable under the Act; (2) an order awarding $8,056.13 in attorney's fees and costs to Smith's

attorney; and (3) an order denying Smith's motion to reopen the record. Smith argues that Donald Morgan was liable under the Act as a joint employer, that the fee award was inadequate for various reasons, and that the record in this case should be reopened to allow the submission of newly-discovered evidence. For the reasons set out below, we deny Smith's petitions for review.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Smith drove a truck and trailer for Lake City, a corporation that employed drivers to make deliveries for CRST International, Inc., a national motor carrier. Smith had applied to CRST for employment and was referred by CRST to Lake City. At the time of this dispute, intervenor Donald Morgan was married to Crystle Morgan, Lake City's president and sole shareholder. Donald also worked at Lake City, but he was not a Lake City manager or stakeholder. Instead, as an independent truck owner-operator, Donald parked and maintained his truck on Lake City premises, and Crystle consulted with Donald about the business on occasion. Although Donald was not involved in the decision to hire Smith, and neither Donald nor Crystle communicated to Smith that Donald was a Lake City manager or operator, Smith assumed that Crystle and Donald owned Lake City jointly.

In November 2005, while Smith was making a delivery for Lake City, the trailer that he was driving nearly flipped over when Smith turned into a fuel depot. After righting the trailer and completing the delivery, Smith called Lake City's terminal manager and said, "[E]ither replace the equipment or replace [me]." The terminal manager promptly reported the incident and Smith's comment to Crystle. That same morning, Crystle also learned that Smith had told a CRST employee that he was going to take the trailer to be inspected by the Department of Transportation.

The next day, Crystle told Smith that she understood his comment to the terminal manager to be a verbal threat, as well as an ultimatum, and that she "accepted his resignation." She also told Smith that she "was aware that he had made the threat that he was going to take our equipment into [the Department of Transportation]." Crystle informed Smith that she "would never choose a driver over equipment," and she said that she already had replaced him. Crystle did not consult with Donald regarding the decision to fire Smith, and Donald was not present at Smith's exit interview.

A week later, Smith filed a complaint with OSHA, the Occupational Safety and Health Administration of the Department of Labor, bringing a claim against Lake City, Crystle Morgan, and Donald Morgan under the employee-protection provision of the Surface Transportation Assistance Act, 49 U.S.C. § 31105(a)(1). Smith alleged that he was terminated wrongfully from his employment at Lake City for "reporting information and objecting to unsafe equipment and driving conditions, refusing to drive unsafe equipment, and reporting to management that he intended to report unsafe equipment to the Department of Transportation." In May 2008, an administrative law judge (ALJ) found that Lake City and Crystle Morgan had violated the Act but that Donald Morgan was *not* liable under the Act because his "relationship with [Lake City] [wa]s too tenuous to be considered as co-ownership." The Board affirmed the ALJ's order and remanded the case for reconsideration of damages, among other things. The proceedings on remand concluded in November 2012, when the Board affirmed the ALJ's award of damages.

The agency proceedings were stayed for several months while Crystle Morgan was tied up in bankruptcy proceedings. After the stay was lifted, Smith filed a petition for attorney's fees for legal services rendered from June 2008 through April 2012. The ALJ did not award fees and costs for proceedings that occurred before other tribunals (the Board, Sixth Circuit, and

bankruptcy court), but he did award Smith $7,280 in attorney's fees and $440.13 in litigation expenses. The Board affirmed this award (including the ALJ's decision not to award fees and costs for proceedings before other tribunals) but increased the hourly fee-rate to account for delayed payment of the awarded fees. The adjusted award totaled $8,056.13.

Smith then filed a second supplemental petition before the Board in January 2013, requesting a total award of $61,086.43 in fees and expenses for legal services rendered from May 2012 through January 2013. This petition also requested compensation for attorney hours and expenses that had been included in the earlier fee petition. The Board issued an order requesting clarification as to "what services [Smith's] attorney . . . performed, when they were performed, or for which appeals related to this case services were provided," as well as whether the fees sought included proceedings before the Sixth Circuit or the bankruptcy court. But, because of a change in Smith's attorney's address, the order for clarification was not received promptly. To date, neither Smith nor his attorney has received any of the monies that they were awarded.

Smith petitioned for our review of the September 2010 order holding that Donald Morgan was not liable under the Act and the September 2013 order awarding $8,056.13 in attorney's fees. After filing this petition, Smith discovered testimony indicating that a former CRST employee thought that Donald was a co-owner at Lake City, and Smith filed before the Board a motion to reopen the record based on newly-discovered evidence, which the Board denied. Smith then filed a second petition for review in this court, challenging the Board's denial of the motion to reopen. We have consolidated the two petitions for review.

## DISCUSSION

Under the employee-protection provision of the Surface Transportation Assistance Act, "A person may not discharge an employee, or discipline or discriminate against an employee . . .

because the employee . . . has filed a complaint or begun a proceeding related to a violation of a commercial motor vehicle safety or security regulation, standard, or order . . . or . . . the person perceives that the employee has filed or is about to file a complaint or has begun or is about to begin a proceeding related to the violation of a commercial vehicle safety or security regulation, standard, or order." 49 U.S.C. § 31105(a)(1)(A)(i)-(ii).

A petitioner bringing a claim under this provision first files a complaint with OSHA, which conducts an initial investigation and issues findings and a preliminary order. 49 U.S.C. § 31105(b)(1); 29 C.F.R. §§ 1978.103, 1978.105. If the petitioner objects to OSHA's initial findings and preliminary order, he may bring his complaint before an ALJ and request an administrative hearing. 49 U.S.C. § 31105(b)(2); 29 C.F.R. 1978.107. The ALJ's decision is subject to review by the Administrative Review Board, which is the appeals section of the Department of Labor. 29 C.F.R. § 1978.110. Within 60 days after the issuance of a final order by the Secretary of Labor, any person adversely affected by the order may file a petition for review of that order in a federal appeals court. 49 U.S.C. § 31105(d); 29 C.F.R. § 1978.112.

In reviewing the Secretary's decision, we affirm the decision if it is supported by substantial evidence, *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Moon v. Transp. Drivers, Inc.*, 836 F.2d 226, 229 (6th Cir. 1987) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). We must uphold the Secretary's legal conclusions "unless they are arbitrary, capricious, involve an abuse of discretion, or otherwise are not in accordance with law." *Yellow Freight Sys., Inc. v. Reich*, 27 F.3d 1133, 1138 (6th Cir. 1994) (internal quotation marks and citation omitted). We also "accord deference to the Secretary's interpretations of the [Surface Transportation Assistance

Act], and will uphold such interpretations if 'reasonable, consistent with the statutory mandate, and persuasive.'" *Id.*

Donald Morgan's Liability Under the Act

The Act permits judicial review of an adverse order by the Secretary "not later than 60 days after the order is issued, in the court of appeals of the United States . . . ." 49 U.S.C. § 31105(d). In this case, the Secretary argues that the final order on the substantive claims was issued on November 20, 2012, when the Board affirmed the ALJ's decision on the remanded issue of damages, rendering Smith's November 12, 2013, petition for review untimely. Smith, on the other hand, argues that the 60-day period was not triggered until the Board issued the fee award on September 12, 2013. In the alternative, Smith argues that the 60-day period should be tolled for various reasons, including the fact that "the Department of Labor has not considered the November 20, 2012 Order to be a final order." However, for the reasons set forth below, we conclude that even if Smith's November 12 petition for review *was* timely, the petition fails on the merits because substantial evidence supports the Secretary's conclusion that Donald was not liable under the Act.

The Act imposes liability on "a person" who discharges or otherwise disciplines an employee engaged in a protected activity. 49 U.S.C. § 31105(a)(1). Although the Act itself does not define the term "person," the statute's implementing regulations define "person" as "one or more individuals, partnerships, associations, corporations, business trusts, legal representatives, or any other organized group of individuals." 29 C.F.R. § 1978.101(k). And even though Donald Morgan himself did not discharge Smith, Smith nevertheless argues that Donald is liable because of his "central role" and involvement with Lake City. In particular, Smith contends that Donald and Crystle Morgan were "joint employer[s]" at Lake City.

The Board affirmed the ALJ's conclusion that Donald Morgan was not liable for Lake City's violations under the Act. In concluding that Donald was not a joint employer of Smith, the Board applied a test that examined "whether the entity exercised control over the complainant's employment . . . . Such control includes the ability to hire, transfer, promote, reprimand, or discharge the complainant, or to influence another employer to take such actions against a complainant." Since the Board issued its decision in this case, it has held that a joint employer must "jointly control[] the terms and conditions of employment" in order to be liable under the employee-protection provision of the Act. *Myers,* No. 10-144, 2012 WL 3876171, at *6 (Dep't of Labor August 3, 2012). Because the purpose of the Act is to "protect[] employees from retaliation," 29 C.F.R. § 1978.100, the Secretary's interpretation that a person liable under the Act must exercise control of the employee's employment is reasonable. Therefore, the Secretary's control-over-employment test is entitled to deference.

Substantial evidence supports the Secretary's conclusion that "while Donald Morgan advised his wife about her business, stored and maintained his truck at the [Lake City] facility, and helped with equipment issues, he exercised no control over Smith's employment." Donald did not hire or fire Smith. He did not hold any managerial, supervisory, or ownership position at Lake City, and neither he nor Crystle told Smith that Donald was a manager. There is no evidence in the record that Donald exercised any influence over Smith's employment.

Smith protests that Donald exercised control over Smith's employment because Donald talked with Smith over the phone regarding Smith's experience in driving prior to Smith's job interview at Lake City; Donald inventoried Smith's truck and trailer on the day that Smith was hired; Smith's colleague understood that Donald was in charge of equipment; and Smith spoke with Donald regarding equipment during a breakfast meeting. However, none of these facts

indicates that Donald exercised *control* over Smith's employment, despite his involvement with Lake City operations. Because substantial evidence supports the Secretary's order declining to hold Donald individually liable under the Act, we deny Smith's petition for review of the non-liability order.

Fee Award

In his petition for review, Smith also challenged the ALJ's order awarding attorney's fees and expenses based on Smith's initial fee petition and disputed the ruling that the ALJ could not award fees or expenses for legal services rendered in connection with proceedings before the Board, the Court of Appeals, and the bankruptcy court. Smith later filed before the Board a second supplemental fee petition, requesting additional fees and expenses, including compensation for legal services rendered in connection with Board proceedings, in addition to the fees and expenses that Smith had requested in the initial petition. In response, the Board issued an order asking Smith's attorney to clarify "what legal fees and costs, and for what legal services before the [Board] [Smith] seeks award" in the supplemental fee petition. The Board also asked whether any portion of Smith's fee request was for legal services rendered before the Sixth Circuit or the bankruptcy court.

Based on the record before us, we assume that the fee issue still is pending before the Board and, therefore, that the September 12, 2013, order awarding fees is not a final order. We therefore dismiss Smith's petition to review that order, without prejudice to his ability to seek review after the Board issues a final order.

Order Denying Motion to Reopen the Record

Lastly, Smith petitions for review of the Board's order denying his motion to reopen the record. During a hearing in a companion case, a former CRST employee testified that he

understood that "Donald and Crystle were essentially partners . . . with Lake City Enterprises" and that "[t]hey were essentially equal as far as ownership of the enterprise or of the agency." Smith moved the Board to reopen the record to submit this testimony, but he filed his motion after he petitioned for our review of the Board's decision finding that Donald Morgan was not liable under the Act. The Board accordingly denied Smith's motion to reopen, concluding that the Board did not have jurisdiction to hear the motion while the appeal was pending before this court.

Although Federal Rule of Appellate Procedure 12.1 allows the district court to consider a motion for relief that is barred by a docketed and pending appeal, that rule is *not* applicable to agency proceedings. *See* Fed. R. App. P. 12.1, 20. In any event, even if the Board had jurisdiction to review the motion to reopen, the Board concluded that the motion "would not likely be granted." We therefore deny Smith's petition to review the denial of his motion to reopen.

**CONCLUSION**

For the reasons set out above, we conclude that substantial evidence in the record supports the Secretary's order declining to assess liability against Donald Morgan and that the order of September 12, 2013, awarding fees and costs was not a final order. We also conclude that the Board did not err in denying the motion to reopen the record. Therefore, Smith's petitions for review are DENIED.